# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARKEL INSURANCE COMPANY,** | |
| **Plaintiff,** | **Civil Action No. 13-5057 (ES) (JAD)** |
| v. | **OPINION** |
| **MASLUF REALTY CORP.,** | |
| **Defendant.** | |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Defendant Masluf Realty Corp.'s Motion to Transfer or to Dismiss for Lack of Personal Jurisdiction (ECF No. 3). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, the Court transfers this matter to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1406(a).[1]

## I. BACKGROUND AND PROCEDURAL HISTORY

This is an action in which Markel Insurance Company ("Plaintiff") seeks a declaratory judgment that its insurance policy does not cover Masluf Realty Corp.'s ("Defendant") alleged loss due to vandalism. *See* Complaint (ECF No. 1). Plaintiff alleges that Defendant made a material misrepresentation in submitting its claim for the loss. *See id.* ¶¶35-36. Plaintiff also

---

[1] Although Defendant moved to transfer pursuant to 28 U.S.C. §1404, the Court transfers this matter under 28 U.S.C. §1406. Venue transfers under section 1404 "presuppose that the court has jurisdiction and that the case has been brought in the correct forum." *Lafferty v. St. Riel*, 495 F. 3d 72, 76 (3d Cir. 2007). Because the Court finds that venue in the District of New Jersey is improper, the Court transfers this matter under 28 U.S.C. §1406 rather than 28 U.S.C. §1404.

seeks damages for insurance fraud pursuant to the New Jersey Insurance Fraud Prevention Act. *See* Complaint (ECF no. 1).

This action was initially brought in the Superior Court of the State of New Jersey, Law Division, Morris County, and was removed to this Court on the grounds of diversity jurisdiction on August 22, 2013. *See* Notice of Removal, ¶2 (ECF No. 1). A related action is pending in the Eastern District of New York. Momjian Affidavit, ¶30 (ECF no. 3-2). Plaintiff, Markel Insurance Company, is a corporation organized and existing under the laws of the State of Illinois. Complaint, ¶1 (ECF no. 1). Plaintiff's underwriting manager maintains a northeast regional office in New Jersey. Id. at ¶2. Defendant, Masluf Realty Corp. is a corporation organized and existing under the laws of the State of New York, with a principal place of business in Brooklyn, New York. Momjian Aff., ¶4 (ECF no. 3-2).

Plaintiff alleges the following facts. Plaintiff issued an insurance policy (the "Policy") to the Defendant on May 2, 2010. Compl., ¶13 (ECF no. 1). The Policy insured Defendant's real property, located at 171 Market Street, Staten Island, New York (hereinafter referred to as "Staten Island property"), and was in effect from May 2, 2010 through July 16, 2011. *Id.* at ¶14. Defendant submitted an insurance claim for a loss due to an alleged vandalism that occurred on or about June 2, 2011. *Id.* at ¶¶21 and 35. Plaintiff had declined to cover a prior loss that occurred on February 13, 2011 due to a frozen pipe, and alleges that Defendant did not fully remediate the water damage from that loss. *Id.* at ¶¶28-33. Plaintiff alleges that Defendant, in submitting its claim for the June 2, 2011 loss, misrepresented that it had completely remediated approximately ninety percent of the water damage sustained in the February 13, 2011 loss. *Id.* at ¶36.

On August 28, 2013, the Defendant filed the instant motion, which seeks to transfer the action to the Eastern District of New York pursuant to 28 U.S.C. §1404, or alternatively, to dismiss the complaint for lack of personal jurisdiction. *See* ECF no. 3.

## II. LEGAL ANALYSIS

Transfers of venue under section 1404(a) are "discretionary determinations made for the convenience of the parties." *Lafferty v. Riel*, 495 F.3d 72, 77 (3d Cir. 2007). Because section 1404(a) comes into play "where both the original and the requested venue are proper," *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995), the threshold question in determining the appropriateness of transferring a case under section 1404(a) is whether the original venue is proper. If the original venue is improper, courts may transfer the case to a proper venue under section 1406 if the "interest of justice" requires transfer rather than dismissal for improper venue. *See, e.g., Lafferty v. Riel*, 495 F. 3d 72, 75 (3d Cir. 2007); *see also* 28 U.S.C. §1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

### A. Venue is Not Proper in the District of New Jersey

Section 1391 governs venue for all civil actions brought in district courts of the Untied States. 28 U.S.C. §1391(a)(1). Section 1391(b) governs where venue is proper and states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

3

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).

In the instant matter, venue is not proper in the District of New Jersey under section 1391(b) for the following reasons.

*1. Section 1391(b)(1)*

Venue is not proper under section 1391(b)(1) because Defendant does not reside in New Jersey. Section 1391(c)(2) explains how residency of "entit[ies] with the capacity to sue and be sued," such as corporations, is determined. For purposes of venue, a defendant corporation has residency "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. §1391(c)(2). Because the Court concludes that it does not have personal jurisdiction over Defendant in New Jersey, section 1391(b)(1) does not operate to confer venue here.

Plaintiff argues that the Court has general jurisdiction over Defendant because "the parties negotiated the insurance contract in New Jersey." Plaintiff's Opp. Brief at 6 (ECF no. 6). General jurisdiction results from, among other things, 'systematic and continuous' contact between a non-resident defendant and the forum state. *Spuglio v. Cabaret Lounge*, 344 F. App'x 724, 725 (3d Cir. 2009). Defendant is a New York corporation with its principal place of business in New York. The negotiation of a single insurance contract in New Jersey, by itself, does not demonstrate continuous and systematic contacts required for a court to exercise general

4

jurisdiction over a defendant. Thus, the Court finds that it does not have general jurisdiction over Defendant.

Plaintiff also argues that the Court has specific jurisdiction over Defendant because Defendant's adjuster submitted a materially misleading and false statement from its New Jersey offices to the New Jersey offices of Plaintiff's independent adjuster. To establish specific jurisdiction, (1) the defendant must have purposefully availed itself of the privilege of conducting activities within the forum; (2) plaintiffs' claims must arise out of or relate to at least one of the contacts with the forum; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F. 3d 312, 317 (3d Cir. 2007). All three elements must be met to establish specific jurisdiction. *Id.*

Because the Court finds the purposeful availment element is not met, the Court concludes it does not have personal jurisdiction. Defendant's principal, Timothy Fulton, has never visited the offices of any New Jersey insurance broker. Affidavit of Henry Fulton, ¶6 (ECF no. 8-1). Defendant was contacted in New York by a broker who solicited its business from Pennsylvania, and its account was assigned to Peachtree Special Risk Brokers who had offices in New Jersey. *Id.* Defendant's adjuster had offices in both New York and New Jersey. Miller Affidavit ¶1 (ECF no. 8-2). The only reason Defendant's adjuster mailed the statement of damages from its New Jersey office is because Plaintiff's independent adjuster instructed Defendant to submit information and documentation for the claim to its New Jersey office. *See* Miller Affidavit ¶¶ and 9 (ECF no. 8-2); Letter from Edward Reilly Insurance Adjusters, Exhibit A (ECF no. 8-2).

5

Because the Court does not have personal jurisdiction over Defendant in the District of New Jersey, Defendant is not deemed to reside in the District of New Jersey for venue purposes and section 1391(b)(1) does not apply to confer venue on Defendant based on residency.

*2. Section 1391(b)(2)*

Venue is not proper in the District of New Jersey pursuant to section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim did not occur in New Jersey. The events giving rise to the claim occurred in New York. The property that was allegedly vandalized is located in New York, and therefore, any assessments of the damage that occurred during the February 13, 2011 loss as well as the June 2, 2011 loss would have taken place upon visiting the property in New York. Furthermore, because Defendant's offices are located in Brooklyn, New York, it is unlikely that any alleged misrepresentation that Defendant made to Plaintiff would have occurred in New Jersey. Although Defendant argues that the insurance contract was negotiated in New Jersey, the events giving rise to the claim relate to a misrepresentation of damages sustained by a New York property, rather than to the negotiation of the insurance contract.

Plaintiff does not allege that Defendant prepared a materially misleading insurance claim in New Jersey, or that Defendant ever visited the office of its underwriting manager in New Jersey and made a misrepresentation there. While Plaintiff argues that Defendant's adjuster sent a misleading statement from its New Jersey offices, there is no indication that the misleading statement was prepared in New Jersey or in New York, especially where Defendant's adjuster has offices located in both places and the subject property is located in New York. Furthermore,

6

Defendant's adjuster explains that the allegedly misleading statement was sent to Plaintiff's adjuster's New Jersey offices only at their request.

### 3. *Section 1391(b)(3)*

Venue is not proper in the District of New Jersey pursuant to section 1391(b)(3) because section 1391(b)(3) does not apply to this case. Section 1391(b)(3) applies when "there is no district in which an action may otherwise be brought as provided" in section 1391. Because the Court finds that this action may be brought in the Eastern District of New York, as explained more fully below, section 1391(b)(3) does not apply.

## B. Transfer of Venue to the Eastern District of New York under 28 U.S.C. 1406.

Because venue is not proper in the District of New Jersey, the Court considers whether transfer to the E.D.N.Y. is proper under section 1406. Under 28 U.S.C. §1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court must assess whether (1) the action "could have been brought" in the Eastern District of New York; and (2) whether it is "in the interest of justice" to transfer the case to the Eastern District of New York rather than dismiss it for improper venue.

The Court finds that the action "could have been brought" in the Eastern District of New York, which encompasses Staten Island. A substantial part of the events that gave rise to the claim occurred in Staten Island, New York, where the property that was allegedly vandalized is located. The February 13, 2011 loss, which Plaintiff alleges was not fully remediated by the time of the June 2, 2011 loss, occurred at Defendant's property in Staten Island. The June 2,

7

2011 loss also occurred in Staten Island at the same property. The insurance policy that Plaintiff alleges "excludes any duty to pay Defendant" for the June 2, 2011 loss because of the alleged material misrepresentation insured Defendant against loss or damage to this property in Staten Island. *See* Complaint (ECF no. 1). Venue is also appropriate in the Eastern District of New York because "a substantial part of property that is the subject of the action," *i.e.*, the Staten Island property, is situated in this district.

The Court also finds that it is in the "interest of justice" to transfer the case. Section 1406(a) was enacted to "avoid the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess as to the facts underlying the choice of venue." *Eviner v. Eng*, no. 12-2245 (KM) (MCA), 2013 WL 6450284, at *5 (D.N.J. Dec. 6, 2013) (internal citations omitted). A transfer is appropriate here because there is a related case pending in the Eastern District of New York; the property is located in New York; and it is likely that New York will have personal jurisdiction over Defendant, who is a New York corporation whose property is located in New York.

### C. Even if venue were proper in the District of New Jersey, the Court finds that this action should be transferred pursuant to 28 U.S.C. §1404.

Pursuant to 28 U.S.C. §1404(a), the Court may transfer a case to any venue where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "The purpose of §1404(a) is to avoid the waste of time, energy and money and, in addition, to safeguard litigants, witnesses, and the public against avoidable inconvenience and expense." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 497 (D.N.J. 1998). The decision of whether to transfer a case is committed to the trial court's sound discretion. *Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000); *Days Inns*

*Worldwide, Inc. v. RAM Lodging, LLC*, No. 09-2275, 2010 WL 1540926, at *2 (D.N.J. April 14, 2010).

In determining whether to transfer a matter pursuant to section 1404(a), a court must consider: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. 28 U.S.C. §1404(a). In addition to these statutory factors, courts consider various private and public interests protected by the language of §1404(a):

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) (internal citations omitted).

Regarding the private interest factors, including "whether the claim arose elsewhere," the claim arose in New York, as the property that allegedly suffered water damage from frozen pipes in February 2011, which led to the denial of the vandalism claim at the heart of the instant dispute is located in New York. Although Plaintiff chose to litigate this case in New Jersey, Plaintiff is an Illinois corporation and "plaintiff's choice of forum is entitled to less deference if the chosen forum is not its home forum." *See Allianz Life Ins. Co. of North America v. Estate of Bleich*, 2008 WL 4852683 *4 (D.N.J. Nov. 7, 2008) (internal citations omitted). Similarly, "the

9

deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district." *Id.* (internal citations omitted). Finally, requiring the Plaintiff to litigate in the Eastern District of New York, rather than in Newark, New Jersey, will only create a small inconvenience to the plaintiff, if any, as the distance between the district courts is minimal. Plaintiff does not argue that this will inconvenience them, financially or in any other way, or that their witnesses would be inconvenienced, and there is no suggestion that its books and records cannot be produced in New York. Therefore, the private factors do not weigh against transfer.

As for the public interest factors, practical considerations that could make the trial "easy, expeditious, or inexpensive" are evident. Most of the witnesses and evidence related to this dispute are located in New York, including the property itself, the property manager, and Plaintiff's offices. As for New York's "local interest" and applicable public policies, New York has a meaningful connection to the operative facts giving rise to the cause of action because the claim involves a property in New York, and no party claims that the applicable law governing the case would be New Jersey law. Furthermore, a nearly identical matter between the parties, in which Plaintiff in this case is the defendant, is pending in the Eastern District of New York.

### III.   CONCLUSION

For the foregoing reasons, this Court concludes that venue in the District of New Jersey is improper, and that it is in the interest of justice to transfer this case to the Eastern District of New York. Because the Court concludes that venue is improper in the District of New Jersey and that transfer is appropriate, the Court does not address Defendant's argument that the Court does not

have personal jurisdiction over Defendant. The Court orders that this matter should be transferred to the Eastern District of New York pursuant to 28 U.S.C. §1406.

                                                              /s/ Joseph A. Dickson
                                                              **JOSEPH A. DICKSON, U.S.M.J.**

cc: Hon. Esther Salas, U.S.D.J.